SUESSENGUTH vs. BINGENHEIMER and another.

*Rescission of contract of sale.*

Mere exaggerated statements by the vendor of land, as to its value, and pur-
chase by the vendee at such excessive valuation, are not sufficient ground
for rescinding the contract, where both parties had equal opportunities
for ascertaining the value, and there is no proof of fraudulent intent in
the vendor.

APPEAL from the Circuit Court for *Washington* County.

The plaintiff, being the owner of a house and lot in the town
of West Bend, conveyed the same to defendants in exchange
for eighty-six acres of land in Iowa, belonging to the defend-
ant *Sophia Bingenheimer*, and gave defendants a note for
$550 additional, secured by mortgage on the Iowa land.

This action was brought to rescind the contract, and compel
a reconveyance of the premises and a surrender and cancella-
tion of the $550 note and mortgage. The complaint alleged
that plaintiff's property in West Bend was worth $1,000 at
the time of the exchange; that defendants falsely represented
the Iowa lands to be worth $1,600; and that the same were
not worth more than from $400 to $480. The evidence is
stated in the opinion. The court found for the defendants,
and gave judgment dismissing the complaint, from which de-
fendants appealed.

The cause was submitted by both parties on briefs.

*O'Meara & Miller* and *I. N. Frisby*, for appellant:

False representations in any one substantial circumstance
going to the inducement or essence of the bargain, on which
the plaintiff relied, render the contract voidable. *Smith v.
Countryman*, 30 N. Y., 655; *Doggett v. Emmerson*, 3 Story,
733. Whether the person misrepresenting a material fact
knew it to be false, or made the assertion without knowing it
to be true, it is equally a fraud in law. *Smith v. Country-*

Suessenguth vs. Bingenheimer and another.

man, supra; Miner v. Medbury, 6 Wis., 295; Bennett v. Judson, 21 N. Y., 238.

Frisby, Weil & Barney, contra, to the point that the alleged false representations of defendants were not sufficient to maintain the action, cited Medbury v. Watson, 6 Met., 246; Van Epps v. Harrison, 5 Hill, 63; Moll v. Semler, 32 Wis., 228; Kerr on Fraud and Mistake, 82.

COLE, J. The only ground for rescinding the contract in this case is the statement made by the defendant Valentine in respect to the value of the Iowa land. The evidence shows that at the time the negotiation for the exchange of the real estate was going on, the defendant stated to the plaintiff that he valued the Iowa land at $1,600; that the land was worth that sum: and that he had been offered eighteen dollars per acre for it. The defendant testified that he had been offered eighteen dollars per acre for the land prior to the negotiation; and we do not feel justified by anything appearing in the case in saying that this evidence was false. True, it appears that the land was really not worth more than seven or eight dollars per acre at the time the trade was made. But neither of the parties had ever seen the Iowa land, and each seems to have had equal means of information for ascertaining its value. It does not appear that the defendant resorted to any artifice or trick of any kind to mislead the plaintiff during the negotiation for the exchange of the real estate; and there was no relation of confidence or trust existing between them. The plaintiff saw the tax receipts showing the valuation of the land by the assessors for the purpose of taxation; and he also saw and examined the deed conveying the Iowa land to the defendant Sophia, wherein the consideration expressed was only $800. He also took other means to inform himself in regard to the value and situation of the land. Under these circumstances the question arises, whether or not the assertion or statement made by the defendant as to the value of the land

affords a sufficient ground for rescinding the contract. And we are of the opinion that it does not. It appears to us that the statements made by the defendant as to the value of the land were mere expressions of opinion upon a matter as to which honest men might greatly differ in judgment. It is common experience to find intelligent witnesses differing widely in their views as to the value of real estate which has no fixed marketable value. And mere assertions by the vendor as to the value of property offered for sale are so generally made, that a person cannot safely rely upon them in buying the property. "Affirmations of the sort," says Mr. Kerr, "are always understood as affording to a purchaser no ground for neglecting to examine for himself, and ascertain the real condition of the property. They are strictly speaking *gratis dicta*. A man who relies on such affirmations, made by a person whose interest might so readily prompt him to invest the property with exaggerated value, does so at his peril, and must take the consequences of his own imprudence; *emptor emit quam minimo potest; venditor vendit quam maximo potest*. Although such affirmations may be erroneous or false, they will not, except in extreme cases, be regarded as evidence of a fraudulent intent. A statement of value may, however, be so plainly false as to make it impossible for the party to have believed what he stated." Kerr on Fraud and Mistake, p. 84. These remarks of the author are fully sustained by the following authorities: 2 Kent, 485 et seq.; 1 Story's Eq. Jur., §§ 199 et seq.; *Medbury v. Watson*, 6 Met., 246; *Smith v. Countryman*, 30 N. Y., 655; *Higgins v. Samels*, 2 J. & H., 460; *Kisch v. The Central R'y Co.*, 3 D., J. & Smith, 122; "Every person," says Chancellor Kent, "reposes at his peril in the opinion of others, when he has equal opportunity to form and exercise his own judgment. *Simplex commendatio non obligat.*" 2 Kent, 486.

The statement as to the value of the Iowa land was unaccompanied by any trick or artifice calculated to mislead the

plaintiff or prevent him from taking the necessary steps to inform himself on the subject. Being merely the expression of an opinion, the plaintiff was not justified in relying upon it, but should have ascertained the value of the property for which he was making an exchange.

*By the Court.* — The judgment of the circuit court is affirmed.